UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELI ERICKSON,<br><br>Defendant. | 3:18-CR-30148-RAL<br><br>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION |

In November 2019, a jury convicted Erickson of five counts, including conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine, possessing firearms during and in relation to a drug trafficking crime, and three separate counts of possessing firearms as an unlawful user of a controlled substance. Doc. 108. He was sentenced to 128 months' imprisonment on Count I, 60 months' imprisonment on Count II to run consecutively to Count I, and 120 months' imprisonment on Counts V, VI, and VII, each to run concurrently to Count I. Doc. 157. In short, his total sentence was 188 months' imprisonment. Erickson is serving his sentence at Victorville USP, with a projected release date of February 29, 2032. https://www.bop.gov/inmateloc/.

Erickson's guidelines range, based on a total offense level of 34 and a criminal history category of I, was 151–188 months. Doc. 138 ¶ 71. The offense level was reached by adding to his base offense level of 32 an additional 2 points pursuant to USSG § 2D1.1(b)(1), for possessing a dangerous weapon. Doc. 138 ¶ 32. He received just one criminal history point for a marijuana

1

possession conviction in 2006. Id. at ¶ 43. But he also had two disorderly conduct convictions and a variety of tribal arrests that resulted in no additional criminal history points. Id. at ¶¶ 44–51.

Erickson filed a pro se motion for sentence reduction, whereby he requests review of the two-point increase he received pursuant to USSG § 2D1.1(b)(1) and what believes to be a seven-point enhancement. Doc. 188. Erickson likely is wanting a two-level reduction in his offense level, which certain "zero-point" offenders now receive, and a reduction toward his criminal history category calculation under the retroactive application of newly adopted changes to the Sentencing Guidelines. Erickson does not qualify for either reduction.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents with 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Sentencing Commission voted to make this change apply retroactively. The Sentencing Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023). For Erickson, however, these changes are inapplicable because he was in criminal history category I when sentenced. Thus, retroactive application of this amendment does not alter his guideline range.

Erickson also mentions USSG § 4C1.1 in his motion. In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision on who qualifies for such a reduction states:

> §4C1.1. Adjustment for Certain Zero-Point Offenders
> (a) ADJUSTMENT.—If the defendant meets all of the following criteria:
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>   (4) the offense did not result in death or serious bodily injury;
>   (5) the instant offense of conviction is not a sex offense;
>   (6) the defendant did not personally cause substantial financial hardship;
>   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
>   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
>   (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

The Sentencing Commission voted that this change would also apply retroactively but that no defendant be released based on retroactive application of these guidelines before February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Erickson fails to meet the criteria for such a reduction for two clear reasons. First, as is stated plainly, eligibility for a reduction for a zero-point offender requires the person to have arrived at sentencing with zero criminal history points. Erickson had one point. Second, eligibility for a reduction requires a person to meet all ten eligibility criteria quoted above. Aside from failing to be a zero-point offender, Erickson's offense involved possessing firearms in connection with

3

the offenses, a violation of § 4C1.1(a)(7). Thus, he does not qualify for a reduction under USSG § 4C1.1. Therefore, it is

ORDERED that Erickson's motion for sentence reduction, Doc. 188, is denied.

DATED this 13th day of February, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE